**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:17 PM August 27, 2019**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MICHAEL J. KLEINKNECHT, | ) | CASE NO. 19-40983 |
| REBECCA A. KLEINKNECHT, | ) | |
| | ) | ADV. NO. 19-4028 |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| MICHAEL J. KLEINKNECHT, | ) | |
| REBECCA A. KLEINKNECHT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | **MEMORANDUM OF OPINION** |
| | | |
| Defendant. | | |

    Michael J. Kleinknecht and Rebecca A. Kleinknecht ("Plaintiffs") filed a Chapter 13 bankruptcy petition and Chapter 13 plan on May 28, 2019. On August 19, 2019, Plaintiffs filed an adversary proceeding in an attempt to avoid a wholly unsecured junior mortgage on their primary residence. The court filed a Notice of Intent to Dismiss, as an adversary proceeding is not necessary in order to avoid such a lien. Plaintiffs then filed an Objection to the proposed dismissal on August 21, and an addendum to said objection on August 23.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2), and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## DISCUSSION

In their Addendum to Plaintiffs' Objection to Dismissal of Adversary Proceeding, Plaintiffs claim that avoidance of a wholly unsecured junior mortgage "cannot be adequately addressed within the National Chapter 13 plan," and that even the attempt to do so is akin to forcing a square peg into a round hole. This statement is completely unsupported with any recitations of law or logic, necessarily so as it is plainly incorrect.

Plaintiffs argue that the relevant plan section, Part 3.4, *only* addresses the avoidance of judicial liens, and by its own definition excludes the avoidance of junior mortgages. However, the plain language of the plan provision does no such thing, repeatedly referring to judicial liens as one of at least two types of claims to be dealt with in the section.[1] Even the small worksheet contained within part 3.4 uses the dual-option language, with one column titled "Information regarding judicial lien ***or security interest***." The exclusionary language Plaintiffs describe is simply not in evidence.

It is also the clear position of this court that Part 3.4 can be used as a mechanism to avoid a junior mortgage, and that completion of that section acts as an embedded motion to avoid, rendering any other proceedings on the issue superfluous. As stated in its Notice of Intent to Dismiss, the court has previously issued a memorandum stating that "adversary proceedings are not required" in order to avoid liens, "including mortgages," and their use for avoidance actions is "discontinued." See Memorandum of July 24, 2018 (attached). A further memorandum explained the mechanism by which certain Chapter 13 plan provisions act as embedded motions, and are granted by confirmation. Memorandum of September 5, 2018 (attached). Thus in order to effectuate a requested lien avoidance in this district, a debtor needs only to gain confirmation of a properly served plan containing a completed Part 3.4.

Given Debtors' stated concerns as to the clarity of title to the real property, the court invites them to file a request for a comfort order to that effect if they so desire at the end of the case. Requiring the relevant parties and the court to go through the process of an adversary proceeding in order to gain a clarifying statement is both burdensome and inefficient.

The objection to dismissal will be overruled, and the adversary complaint dismissed, by separate order.

---

[1] The provision makes explicit reference to other options, in phrases such as "judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below" and "the amount of the judicial lien or security interest that is avoided."

# # #

**Service List**:

**Michael J. Kleinknecht**
**Rebecca Anne Kleinknecht**
709 E. Lincoln Way
Lisbon, OH

**Richard V. Hoppel**
16688 Saint Clair Avenue
East Liverpool, OH 43920

**CitiMortgage, Inc.**
c/o Anthony Renzi, Pres & COO
7 Graphics Drive
Cenlar FSB
Ewings, NR 08628



*Chief Judge Russ Kendig*

United States Bankruptcy Court, Northern District of Ohio
Ralph Regula Federal Building and U.S. Courthouse
401 McKinley Ave., S.W.
Canton, Ohio 44702
(330) 458-2440

| | |
|---|---|
| DATE: | July 24, 2018 |
| TO: | Attorneys practicing in the Youngstown court |
| FROM: | Judge Kendig |
| RE: | Chapter 13 mortgage and lien avoidance |

In the past, some have filed an adversary proceeding to avoid liens, including mortgages, in chapter 13 cases. With recent bankruptcy rule amendments and institution of the national chapter 13 form plan, adversary proceedings are not required and use of them for lien avoidance actions is discontinued.

Under Bankruptcy Rule 3012(b), requests to determine the value of nongovernmental secured claims generally "may be made by motion, in a claim objection, or in a plan filed in a chapter 12 or chapter 13 case." Bankruptcy Rule 3012(b) was revised in 2017 for this specific purpose. Rule 4003(d) permits covered avoidance actions to be accomplished by motion as a contested matter or through the plan. Bankruptcy Rule 7001(2) specifically excepts "proceedings under Rule 3012 or Rule 4003(d)" from the adversary process. When the validity, priority, or more than valuation of a lien is at issue, an adversary complaint is appropriate. If the only issue is valuation, a complaint is unnecessary.

But the bankruptcy rules require service of the plan in accordance with Rule 7004. General Order 17-01, available at https://www.ohnb.uscourts.gov/sites/default/files/general-orders/interim-general-order-17-1-service-ch-13-plans-electronic-signatures.pdf, also governs service of plans containing embedded motions. When properly served, confirmation will serve as a ruling on the embedded avoidance motion in the plan. Counsel may desire to file a comfort motion in order to obtain a specific order for recording with county agencies.



*Chief Judge Russ Kendig*

United States Bankruptcy Court, Northern District of Ohio
Ralph Regula Federal Building and U.S. Courthouse
401 McKinley Ave., S.W.
Canton, Ohio 44702
(330) 458-2440

| | |
|---|---|
| DATE: | September 5, 2018 |
| TO: | Attorneys practicing in the Youngstown court |
| FROM: | Judge Kendig |
| RE: | Chapter 13 national form plan Sections 3.2 and 3.4 |

The national form plan changed the procedure for valuing secured claims and lien avoidance, covered by Sections 3.2 and 3.4 of the plan. These provisions are what is called embedded motions. Inclusion of information in Sections 3.2 and 3.4 is deemed to be a motion and confirmation of the plan acts as granting the motion.

To obtain the relief on the embedded motions, the plan must be properly served. Counsel must provide proof of service of the plan on the creditors that are affected by these sections of the plan. A separate certificate of service is necessary because BNC service does not always meet the Rule 7004 requirements. The Clerk's office checks for a certificate of service and will issue a deficiency if not filed. Please consult Federal Rules of Bankruptcy Procedure 3012(b), 4003(d), 7004 and General Order 17-1 for direction on service. General Order 17-1 is available on the Court's website under the Judges' Info tab, then the drop box General Orders. Rule 7004 provides detail on the methods of service that must be used for specific types of creditors such as corporations, insured depository institutions, and federal and state government. It is like service of an adversary but without a summons.

Once properly served, the plan's treatment of secured claims in these sections generally controls over non-governmental proofs of claim. Consequently, properly served plans will generally eliminate the need to file objections to claims covered by Sections 3.2 and 3.4 except as to amount.

Much confusion has arisen in this area, especially considering the Rules mention other procedural options, including motions and claim objections. Counsel must recognize that the Rules also govern courts that did not adopt the national form plan and therefore need to rely on the alternatives. This court adopted the national form plan, relies on the provisions it contains, and expects counsel to do the same.

The court will consider comfort motions but the nature of a comfort order is that it is technically unnecessary. A comfort motion is not a substitute for a properly served plan.